**STONE v BRANDY et**

Ohio Appeals, 5th Dist, Stark Co

No 1289. Decided Oct 13, 1932

Oscar M. Abt, Canton, for plaintiff in error.

Harry Nusbaum, Canton, for defendants in error.

**LEMERT, J.**

We are of the opinion that when the Kinny Company signed the lease that the said company was bound by its terms and conditions and that from that time on, to-wit: sometime in August, 1930, the only claim the plaintiffs would have against the defendant would be under and by virtue of plaintiff's Exhibit No. 8. We believe this to be true for the reason that the contract specifically provides that when the lease is consummated with the Kinny Company that the defendant shall be released from his seven year lease, so that it becomes necessary to look to Exhibit 8 to find just what the defendant's obligation is.

For a proper construction of the contract before us the defendant was not obligated to pay anything between the time the Kinny Company signed the twenty year lease and the time in which they went into the building. In other words, during the time of the repairs and alterations, no rent was to be paid. There isn't anything in Exhibit A that would indicate any rent was to be paid during that period, but that if the Kinny Company took over the remodeled building and started to pay the rent on their twenty year lease, then beginning at that time the defendant was to pay on the first of every month up to September, 1931.

The parties herein prepared their own contract and it is not for the court to write into Exhibit 8 or Exhibit A anything that will create a greater or lesser liability on behalf of or on the part of either of the parties herein. If either of the parties desired any such provision for which they now contend, it was their duty and the obligation was upon them to see to it that it was written into the contract and not to ask

a court to draw their own contract of lease.

When we take into consideration all the surrounding circumstances at the time Exhibit 8 was made, and take into consideration the communications that passed between the parties, one of which is Defendant's Exhibit B and written August 8th, 1930, and the other Defendant's Exhibit A and dated August 18, 1930, which is the same date as the contract sued upon, that by reading Exhibit 8 and the parties having before them the letter of August 8th, known as Exhibit 8, and Defendant's Exhibit A, of August 18th, it is only reasonable to conclude that the parties to this litigation were attempting to determine their rights and it would only be natural for the question then to arise as to how long they expected to bind the defendant under his lease, and how long they expected it would take to remodel the building.

It seems to us that the most favorable construction to be placed upon the actions, conduct and agreement of the parties herein is that the defendant would be liable to the plaintiffs in the sum of $750.00 up to the time that the parties contemplated the store building would be remodeled. We believe it becomes important in this case to determine just what the agreement was as to when this remodeling would be completed, because it is apparent that so far as the defendant was concerned it was of great importance to him, especially if he were compelled to pay a stipulated rental of $750.00 per month during the period in which the building was in the possession of the plaintiffs and being remodeled for the purpose of turning it over to the Kinny Company, and from all the communications before us in the record in this case, it was clearly the understanding between all the parties at the time of the making of the contract, they believed that the building would be complete and ready for occupancy by the Kinny Company on the first day of October, 1930.

The fact that the plaintiffs by their amended petition admit that the contract does not mean what the court below held it to mean, for they now seek the aid of the equity branch of the court to reform the contract to read that the defendant should pay $750.00 a month until such time as the premises were completed and possession taken by the Kinny Company. Unless the contract between the parties in this case is reformed, then the claim made by the plaintiffs below must fail and we are of the opinion that the record before us does not warrant this court to reform said contract. The parties hereto not only made it but ratified it and are bound by it.

There will be a finding in this case in favor of the plaintiffs below in the amount of $750.00, and for costs. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.